IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| T.L.H., | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:16cv277-SRW |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In this appeal, plaintiff T.L.H., a minor child, challenges the Commissioner's final decision[2] denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *See* Doc. 1; Doc. 12. In reviewing Administrative Law Judge D. Burgess Stalley's ("ALJ") adverse decision, the court upholds factual findings that are supported by substantial evidence. *See Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). However, no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this lawsuit. The Clerk of Court is DIRECTED to take the appropriate steps to reflect this change on the docket sheet.

[2] The Appeals Council denied the plaintiff's request for review. *See* Doc. 14-2 at 2-4. Thus, "the ALJ's ruling must be considered the final decision of the Commissioner of the SSA." *Shinn*, 391 F.3d at 1281 (citing *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001)).

1

analysis has been conducted, the ALJ's decision must be reversed. *See Cornelius*, 936 F.2d at 1145-46.

The parties have consented to entry of final judgment by the Magistrate Judge. *See* 28 U.S.C. § 636(c); Doc. 10; Doc. 11. For the reasons stated herein, and based upon its review of the record, the court finds that the Commissioner's decision is due to be affirmed.

## BACKGROUND

### I. Child Disability

"Federal regulations set forth the process by which the SSA determines if a child is disabled and thereby eligible for disability benefits." *Shinn ex rel. Shinn v. Commissioner of Social Sec.*, 391 F.3d 1276, 1278 (11th Cir. 2004) (citing 42 U.S.C. § 1382c(a)(3)(C)(I) and 20 C.F.R. § 416.906). "The process begins with the ALJ determining whether the child is 'doing substantial gainful activity,' in which case [he] is considered 'not disabled' and is ineligible for benefits." *Id.* (citing 20 C.F.R. §§ 416.924(a), (b)). "The next step is for the ALJ to consider the child's 'physical or mental impairment(s)' to determine if [he] has 'an impairment or combination of impairments that is severe.'" *Id.* (citing 42 U.S.C. §§ 416.924(a), (c)). "For an applicant with a severe impairment, the ALJ next assesses whether the impairment 'causes marked and severe functional limitations' for the child." *Id.* (citing 20 C.F.R. §§ 416.911(b), 416.924(d)). This determination is made according to objective criteria set forth in the Code of Federal Regulations ("C.F.R.").

As the Eleventh Circuit has explained,

> [t]he C.F.R. contains a Listing of Impairments ["the Listings", found at 20 C.F.R. § 404 app.] specifying almost every sort of medical problem ("impairment") from which a person can suffer, sorted into general

categories. *See id.* § 416.925(a). For each impairment, the Listings discuss various limitations on a person's abilities that impairment may impose. Limitations appearing in these listings are considered "marked and severe." *Id.* ("The Listing of Impairments describes ... impairments for a child that cause [ ] marked and severe functional limitations.").

A child's impairment is recognized as causing "marked and severe functional limitations" if those limitations "meet[ ], medically equal[ ], or functionally equal[ ] the [L]istings." *Id.* § 416.911(b)(1); *see also* §§ 416.902, 416.924(a). A child's limitations "meet" the limitations in the Listings if the child actually suffers from the limitations specified in the Listings for that child's severe impairment. A child's limitations "medically equal" the limitations in the Listings if the child's limitations "are at least of equal medical significance to those of a listed impairment." *Id.* § 416.926(a)(2).

*Id.* at 1278-79.

Finally, even if the limitations resulting from a child's particular impairment[s] are not comparable to those specified in the Listings, the ALJ can still conclude that those limitations are 'functionally equivalent' to those in the Listings. In making this determination, the ALJ assesses the degree to which the child's limitations interfere with the child's normal life activities. The C.F.R. specifies six major domains of life:

    (i)    Acquiring and using information;

    (ii)    Attending and completing tasks;

    (iii)    Interacting and relating with others;

    (iv)    Moving about and manipulating objects;

    (v)    Caring for [one]self; and

    (vi)    Health and physical well-being.

*Shinn*, 391 F.3d at 1279 (citing 20 C.F.R. § 416.926a(b)(1)). "The C.F.R. contains various 'benchmarks' that children should have achieved by certain ages in each of these life domains." *Id.* (citing 20 C.F.R. § § 416.926a(g)-(l)). "A child's impairment is 'of listing-

level severity,' and so 'functionally equals the listings,' if as a result of the limitations stemming from that impairment the child has 'marked' limitations in two of the domains [above], or an 'extreme' limitation in one domain." *Id.* (citing 20 C.F.R. § 416.926a(d) and § 416.925(a)).

## II. The ALJ's Findings

Plaintiff alleged a disability onset date of October 1, 2010 (approximately two weeks prior to his third birthday), due to attention deficit disorder with hyperactivity ("ADHD"), unspecified episodic mood disorder, oppositional defiant disorder, and asthma. *See* Doc. 14-6 at 14. As indicated in the administrative record, plaintiff has a history of medical and psychiatric treatment. *See* Doc. 14-7; Doc. 14-8. In a written decision issued on September 8, 2014, the ALJ found that the plaintiff (1) has not engaged in substantial gainful activity since the application date; (2) has severe impairments of mild bilateral genu valgum (knock-knee misalignment), ADHD, mood disorder, and oppositional defiant disorder; and (3) does not have an impairment or combination of impairments that meets, medically equals, or functionally equals the severity of the listings.[3] *See* Doc. 14-2 at 16-17. Therefore, she concluded that plaintiff has not been disabled, as defined in the Social Security Act, since the application filing date of October 23, 2012. *See id.* at 13, 28.

---

[3] The ALJ held hearings on the plaintiff's application for SSI benefits on March 19, 2014 and August 5, 2014. *See* Doc. 14-2 at 33-47. The first hearing was adjourned to allow for supplementation of the evidentiary record with a medical expert's evaluation and a teacher's assessment. *See id.* The plaintiff was represented by an attorney at both hearings before the ALJ. *See id.* at 13.

**DISCUSSION**

Plaintiff contends, *inter alia*, that the ALJ erred by failing to (1) develop the record adequately by not ordering a consultative medical examination for the purpose of having expert testimony specific to the issue of whether plaintiff's impairments medically equal a Listing; (2) state good cause for assigning less than substantial weight to plaintiff's treating physician, Dr. Jerlyn C. McCleod; and (3) accept the opinion of an evaluating medical source, Dr. Randall Green Jordan, PSYD, regarding the severity of plaintiff's ADHD, oppositional defiant disorder, and mood disorder. *See* Doc. 12 at 9-10.

**I.     The ALJ properly developed the record with expert medical testimony.**

As to the plaintiff's first argument, the Commissioner correctly asserts that expert medical evidence material to whether the plaintiff's impairments meet or equal a Listing was of record at the time that the ALJ made her disability determination. *See* Doc. 13 at 9-10. "[L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight." SSR 96-6P, 1996 WL 374180, at *3 (S.S.A. July 2, 1996). "The signature of a State agency medical or psychological consultant on an SSA-831-U5 (Disability Determination and Transmittal Form) … ensures that consideration by a physician (or psychologist) designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review." *Id.* Dr. Robert Heilpern, M.D., found that the plaintiff is "not disabled" and signed a Disability and Transmittal Form on January 10, 2013. Doc. 14-3 at

2. Thus, as a matter of both fact and law, the administrative record is sufficiently developed with expert medical evidence specific to the plaintiff's impairments and the Listings.

> **II. The ALJ articulated good cause for assigning plaintiff's treating physician less than substantial weight.**

The Commissioner must specify what weight is given to a treating physician's opinion and any reason for giving it no weight at all. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (citing *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) and *Wiggins v. Schweiker*, 679 F.2d 1387, 1389-90 (11th Cir. 1982)). Failure to do so is reversible error. *Id.* (citations omitted). The opinion of a treating physician "must be given substantial or considerable weight unless good cause is shown to the contrary." *Phillips v. Barnhard*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (internal quotation marks omitted). "Good cause" exists when:

- the treating physician's opinion was not bolstered by the evidence,
- the evidence supported a contrary finding; or
- the treating physician's opinion was conclusory or inconsistent with his or her own medical records.

*Id.* at 1241 (citation omitted).

The ALJ must clearly articulate his or her reasons for disregarding a treating physician's opinion, and the failure to do so is reversible error. *Lewis*, 125 F.3d at 1440 (citation omitted); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's

opinion."). However, when the ALJ adequately states specific reasons for doing so, and those reasons are supported by substantial evidence, there is no error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per curiam*).

The ALJ's written decision meets both criteria. With respect to Dr. McCleod's evidence and testimony, the ALJ wrote that

> On August 13, 2013 Dr. McCleod completed and signed a medical status letter (Exhibit 14F). Dr. McCleod stated, "This letter is in support of my recommendation that [plaintiff] meets criteria for having a condition that is disabling." (Exhibit 14F). Dr. McCleod stated that the [plaintiff] has a variety [of] diagnoses of ADHD, OCD, mood disorder and oppositional defiant disorder (Exhibit 14F). Additionally, Dr. McCleod stated that the [plaintiff's] "illness continues to markedly impair his ability to function socially, emotionally and educationally." (Exhibit 14F). Additionally, Dr. McCleod completed and signed a Medical Source Statement (Exhibit 14F and 17F). Dr. McCleod stated that the [plaintiff] had marked limitations in all of the domains, other than personal functioning. *The [ALJ] finds little weight to the opinions of Dr. McCleod in Exhibits 14F and 17F*. Dr. McCleod apparently relied quite heavily on the subjective report of symptoms and limitations provided by the [plaintiff's] mother, and seemed to uncritically accept as true most, if not all, of that the [plaintiff] reported. Yet … [there are] good reasons for questioning the reliability of the [plaintiff's] subjective complaints. For example, the [plaintiff's] grandmother stated that the [plaintiff] is a "very sweet and loving child" when he is medicinal compliant (Exhibit 5E). Moreover, the [plaintiff's] teacher in Exhibit 6E stated that the [plaintiff] has no limitations in all of the domains. The opinions of Dr. McCleod are quite conclusory, providing very little explanation of the evidence relied on in forming that opinion.

Doc. 14-2 at 20 (emphasis supplied).

Elsewhere in the written decision, the ALJ discusses medical evidence of record to support her decision to assign "little weight" to Dr. McCleod's expert opinion evidence. *See id.* at 19-21. For example, the ALJ explains that Dr. Ann McDowell, M.D., an examining medical source, noted on November 1, 2013, that the plaintiff was refusing to

take his medication and that his "appearance, speech, mood, thought process, thought content, insight, judgment, memory, and intelligence were all normal." *Id.* (citing Doc. 14-8 at 31-32). Furthermore, Dr. Jordan, whose opinion the ALJ assigned significant weight, found on April 8, 2014, that the plaintiff has mild or less than marked limitation in completing tasks and physical well-being and marked limitations in interacting and relating with others. *See id.* (citing Doc. 14-8 at 37-42). There is substantial evidence of record in the form of medical source opinions, treatment notes, and records to support the ALJ's decision to afford less than substantial weight to Dr. McCleod's opinion evidence.

In addition, the court has reviewed Dr. McCleod's records and the medical evidence in the administrative record. *See* Doc. 14-8 at 18-30, 33-36, 43-51; *see also* Doc. 14-7; Doc. 14-8. The ALJ's finding that Dr. McCleod relied heavily upon subjective reports of symptoms and limitations, as well as the ALJ's determination that Dr. McCleod provides "very little explanation" for the basis of the opinions, are based on substantial evidence. Doc. 14-2 at 20. The ALJ accurately explains that Dr. McCleod's opinion that the plaintiff is disabled and due to be awarded SSI benefits contrasts with treatment notes that, as of October 10, 2014, the plaintiff "states that he is doing well. He is eating and sleeping without complaint. He is not having any side effects." *Id.* at 19 (citing Doc. 14-8 at 33-34). A more recent treatment note from Dr. McCleod, on July 8, 2014, indicates that the plaintiff stated that he was not doing well and that he "has been lying, controlling, [and] possessive of family members," but that the plaintiff had stopped taking some of his medication two weeks prior to the office visit. *Id.* (citing Doc. 14-8 at 46-49). The latest treatment note from Dr. McCleod is dated September 17, 2014, and it showed that the plaintiff was doing

better in school; that his physical aggression with his mother "decreased"; and he has no depression, no "high stress level," and no "eating disorder." Doc. 14-8 at 50-51. Plaintiff's "suicidal ideation" and "statements" were recorded as "none recently." *Id.* At the September 17, 2014, office visit, Dr. McCleod noted that the plaintiff was taking his medications as prescribed. *See id.*

The record reflects that the ALJ articulated reasons that are sufficient to constitute "good cause" for failing to give Dr. McCleod's testimony "substantial or considerable weight," which is in accordance with the ALJ's obligation under existing law. *See Phillips*, 357 F.3d at 1240. Moreover, the court has carefully scrutinized the record, and it concludes that the ALJ's decision with regard to Dr. McCleod's testimony is based on substantial evidence. *See, e.g.*, Doc. 14-7; Doc. 14-8. While the plaintiff disagrees with the ALJ's factual findings, this court cannot reweigh the evidence and is limited to determining whether there is substantial evidence to support the Commissioner's decision. *See Dyer*, 395 F.3d at 1210.

**III. There is no legal error in the ALJ's assessment of Dr. Jordan's opinion evidence.**

Plaintiff argues, in two sentences, that Dr. Jordan's finding that plaintiff's "Axis V" Global Assessment Function rating of "50" constitutes a "severe" impairment or impairments. Doc. 12 at 10 (citing SSR 85-15). The plaintiff implies that the ALJ committed legal error by failing to classify the plaintiff's psychological impairments as severe. Notably, SSR 85-15 does not contain language to support the plaintiff's position

that an Axis V rating of 50 is "severe." *See* SSR 85-15, 1983-1991 Soc. Sec. Rep. Serv. 343 (Jan. 1, 1985).

Nevertheless, and contrary to the plaintiff's assertion, the ALJ found that the plaintiff's psychological impairments which were assessed by Dr. Jordan – *i.e.*, ADHD, mood disorder, and oppositional defiant disorder – are severe impairments. *See* Doc. 14-2 at 16-17; Doc. 14-8 at 37-42. Thus, the plaintiff was not denied a finding in his favor that the impairments examined by Dr. Jordan are severe. As explained above, the ALJ assigned Dr. Jordan's opinion evidence "significant weight." Doc. 14-2 at 21. Dr. Jordan noted that the plaintiff's "Daily Living Skills are generally age appropriate. Psychiatric function does not interfere with these tasks." Doc. 14-8 at 39. The plaintiff's daily living tasks included going to school (kindergarten), doing his school work, attending regular classes, bathing, and grooming. *See id.* at 38-39. Moreover, according to Dr. Jordan, plaintiff's development was not stunted. Dr. Jordan found that "[n]o developmental milestones were late (indeed, he was precocious)." *Id.* at 38.

The ALJ met her obligation to identify the plaintiff's severe impairments, which are identified and assessed in Dr. Jordan's medical source evidence. *See Shinn*, 391 F.3d at 1278 (citations omitted). Furthermore, the ALJ's conclusions are based upon substantial evidence.

## CONCLUSION

Upon consideration of the parties' briefs and the record, the Commissioner's decision is based on substantial evidence and is in accordance with controlling law. The Commissioner's decision will be AFFIRMED by a separate judgment.

DONE, on this the 26th day of September, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge